**IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CHRISTOPHER BOFFOLI**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW JANSMA**, an individual, <br><br> Defendant. | Civil Action No. 19-cv-5892 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

CHRISTOPHER BOFFOLI, ("Boffoli" or "Plaintiff") brings this complaint against ANDREW JANSMA ("Jansma" or "Defendant"). As his complaint against Defendant, Plaintiff hereby alleges as follows:

## NATURE OF THE CASE

1.      This is a claim for copyright infringement arising under the copyright laws of the United States, Title 17 of the United States Code.

## JURISDICTION AND VENUE

2.      This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case arises from claims of copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

3.      This Court has personal jurisdiction over Jansma because his actions fall within Illinois' long arm statute and enforcement of jurisdiction on Jansma would not violate traditional notions of fair play and substantial justice. Specifically, Jansma has conducted regular business in the State of Illinois and has committed acts of copyright infringement in the State of Illinois

and this Judicial District.

4.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b). Jansma is subject to this Court's personal jurisdiction for the reasons cited above and a substantial part of, if not the entirety of, the events that gave rise to this cause of action have occurred within this Judicial District.

## THE PARTIES

5.    Plaintiff, Christopher Boffoli is an individual and resident of the State of Washington.

6.    Upon information and belief, Andrew Jansma is an individual residing in the State of Indiana and conducts substantial business in the Northern District of Illinois.

## FACTS

**A.    Boffoli created copyrightable photographs and registered them with the U.S. Copyright Office.**

7.    Boffoli is a fine art, editorial, and commercial photographer who created "Big Appetites," a series of photographs featuring tiny figures photographed against real food backdrops. Big Appetites has been published in more than 100 countries around the world and has been featured in major publications such as the New York Times, Washington Post, NPR, and CBS This Morning, among many others.

8.    Fine art photographs from Boffoli's Big Appetites collection can be found in galleries and private collections in the US, Canada, Europe and Asia. Boffoli is frequently hired by top advertising agencies and brands for commercial commissions based on his work. He also is hired by various publications for editorial commissions. Boffoli's images are also licensed for publication in books, magazines, calendars, online publications, commercial websites, and greeting cards.

9.     Boffoli's business is based on licensing and selling the photographs he creates. Big Appetites fine art photographs are currently available for purchase at fine art galleries, and have also been included in museum exhibitions in the US and abroad.

10.     Boffoli registered each photograph in the Big Appetites series with the U.S. Copyright Office and has Copyright Registration Nos. VAu001106484 (2011), VAu001148370 (2013), VA0001948517 (2013), VAu001198948 (2015), and VAu1359319 (2019) (together, "the Registered Works").

**B.     Jansma published and displayed copies of photographs from Big Appetites without license or permission from Boffoli.**

12.     Jansma is a graphic designer providing freelance services throughout the Chicagoland area.

13.     To promote his business, Jansma maintains a website at https://www.andyjansma.com (the "Website").

14.     In February of 2019, Boffoli discovered that Jansma was displaying copies of photographs from Big Appetites on Jansma's Website without a license or permission ("Infringing Content"). Attached hereto as Exhibit A are screenshots of the Infringing Content.

15.      Jansma reproduced and used Boffoli's images as concept advertisements for an agency that he was freelancing for at the time.

16.     Jansma posted and publicly displayed the Infringing Content on his website to increase the marketability of his graphic design work and to solicit future business.

17.     On, February 8, 2019, Boffoli sent Jansma a letter informing him of the Infringing Content. Attached hereto as Exhibit B are emails exchanged between Boffoli and Jansma.

18.     On February 11, 2019, Jansma responded with an admission of infringement, saying that he is "very sorry for the unauthorized use of your photography." *See* Exhibit B.

19.     Although Boffoli attempted to resolve the matter immediately without the involvement of attorneys for a reasonable settlement amount in February of this year, Defendant refused to settle. *See* Exhibit B.

20.     Boffoli then had to hire attorneys to represent him, attorneys who on May 8, 2019 sent Defendant a detailed letter outlining the facts of the dispute and how copyright law applies to those facts, along with another reasonable settlement offer; however, Defendant refused to agree to a settlement. Attached hereto as Exhibit C is the detailed letter sent by Boffoli's attorney.

21.     Boffoli then hired litigation counsel in Illinois to send one last settlement letter to resolve the dispute before filing suit; however, Defendant once again refused to agree to the reasonable settlement offer. Attached hereto as Exhibit D is the settlement letter sent by Boffoli's litigation counsel in Illinois.

## COUNT I: CLAIM FOR COPYRIGHT INFRINGEMENT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT

22.     Boffoli hereby incorporates Paragraphs 1–21 by reference.

23.     Boffoli is, and at all relevant times has been, the owner of the copyright in the photographs in the Big Appetites series.

24.     Boffoli registered a copyright for each of the photograph in Big Appetites with the United States Copyright Office.

25.     Boffoli has the exclusive rights under 17 U.S.C. § 106 to (1) reproduce each of the photographs in Big Appetites, (2) prepare derivative works based on any of the Big Appetites photographs, (3) distribute copies of each of the Big Appetites photographs, and (4) publicly display each of the Big Appetites photographs.

26.     Without Boffoli's permission or consent, Defendant reproduced, publicly

displayed, and made derivative works from the Big Appetites series. *See* Exhibit A.

27. Defendant knew or reasonably should have known that he did not have authorization to reproduce, publicly display, or create derivative works using the Registered Works.

28. Defendant's unauthorized use of the Registered Works has caused Boffoli to lose licensing fees and has usurped Boffoli's ability to control the direction and value of his licensing business.

29. Defendant's refusal to agree to a reasonable settlement has caused Boffoli to incur increasing costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Boffoli asks this Court to enter judgment against Defendant and Defendants' subsidiaries, affiliates, agents, employees, and all persons acting in concert or participation with them, granting the following relief:

1. Permanent injunctions preventing and restraining infringement of the Registered Works, per 17 U.S.C. § 502;

2. An order requiring the destruction of all copies of the Registered Works made by or under the control of Defendant per 17 U.S.C. § 503;

3. Statutory damages no less than $15,000 for Defendant's willful infringement of each of the Registered Works, per 17 U.S.C. § 504(c)(2);

4. Plaintiff's full costs including reasonable attorney's fees per 17 U.S.C. § 505; and

5. Such other and further relief as may be just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues triable by jury.


Dated: September 3, 2019        Respectfully Submitted,

Saper Law Offices, LLC
/s/Daliah Saper
Daliah Saper
505 N. LaSalle, Suite 350
Chicago, IL 60654
Telephone: (312) 527-4100
Email: ds@saperlaw.com
Bar No: 6283932

*Attorney for Plaintiff*
*Christopher Boffoli*

Exhibit A































## Live Organic: Costco Print Ads

These Costco print ads were intended to highlight the fact that they offer as many organic solutions as stores like Whole Foods and Trader Joe's, but at a fraction of the cost. I created one main concept and two variations for the campaign.







Exhibit B

**Chy Eaton**

| | |
|---|---|
| **From:** | hello@bigappetites.net |
| **Sent:** | Friday, February 8, 2019 11:02 AM |
| **To:** | anjansma@gmail.com |
| **Subject:** | Your unauthorized use of my copyrighted images |
| **Attachments:** | Organic-Figurines.jpg; Organic-Figurines2 copy.jpg |

Mr. Jansma,

I'd be grateful for an explanation as to the circumstances by which some of my copyrighted images were being used on your website – without permission, license or attribution – and appearing with Costco's corporate logos over them with indications that they had been used in a print ad campaign.

The ironic disclaimer "Don't Steal My Stuff" at the bottom of your website suggests that you must possess at least some inkling of the ethics involved with taking and using copyrighted work without permission, if not the legal ramifications. You seem not to like others to take content from your website so I wonder why you felt so entitled to take mine.

Christopher Boffoli
Big Appetites Studio
Seattle, Washington, USA

**Chy Eaton**

| | |
|---|---|
| **From:** | Andy Jansma <anjansma@gmail.com> |
| **Sent:** | Monday, February 11, 2019 8:53 AM |
| **To:** | hello@bigappetites.net |
| **Subject:** | Re: Your unauthorized use of my copyrighted images |

Hi Christopher,

I'm very sorry for the unauthorized use of your photography. The ads in question were concept ads I created for an agency that I was freelancing for at the time. The ads never made it to print. I should have made that more clear on my website. I haven't received any compensation for these ads and will no longer use them in any form. As stated before, I'm very sorry for using the photos without authorization. I put them on my website when I was a younger, more inexperienced designer. I realize now that what I did was wrong and I will be extremely careful to get permission for photography use in the future.

Thank you

On Fri, Feb 8, 2019 at 1:01 PM <hello@bigappetites.net> wrote:

Mr. Jansma,

I'd be grateful for an explanation as to the circumstances by which some of my copyrighted images were being used on your website – without permission, license or attribution – and appearing with Costco's corporate logos over them with indications that they had been used in a print ad campaign.

The ironic disclaimer "Don't Steal My Stuff" at the bottom of your website suggests that you must possess at least some inkling of the ethics involved with taking and using copyrighted work without permission, if not the legal ramifications. You seem not to like others to take content from your website so I wonder why you felt so entitled to take mine.

Christopher Boffoli
Big Appetites Studio
Seattle, Washington, USA

**Chy Eaton**

| | |
|---|---|
| **From:** | hello@bigappetites.net |
| **Sent:** | Tuesday, February 12, 2019 11:50 AM |
| **To:** | Andy Jansma |
| **Subject:** | Re: Your unauthorized use of my copyrighted images |
| **Attachments:** | 2019.02.12 Andy Jansma invoice.pdf |

Mr. Jansma,

Thank you for the response and the explanation. While it is good to know that you're sorry for your unauthorized use of my copyrighted images, and that you pledge not to steal my work again, I'll need you to take responsibility for your actions.

Whether or not you received any compensation, my images have value that you've realized. You used my work to market your business for years, drawing attention and traffic. Businesses routinely pay four figure sums to license my images so I don't know why you should be able to just take them and use them for free for as long as you like.

Additionally, as I regularly do work for food and retail brands, I have no way of knowing if your false representation of my work being used for Costco has done harm to my brand as this may have dissuaded competing companies from hiring me. And finally, your infringements have been spread around the internet, propagating to Pinterest and other places off your website. Clearly, for a lot of reasons it is a very bad idea to download images from the internet and use them without permission, license or attribution, something that a creative of any age should understand.

At this point, my legal team is involved, as is Costco corporate. You've cost me time and legal fees in addition to your unjust enrichment by your use of my intellectual property. So in the interest of avoiding litigation in this matter, I have attached an invoice by which you can take responsibility for what you have done.

This is a settlement offer, not a license to continue using my work. This is also not a statement of damages. It is simply a means by which you can resolve this situation amicably.

I will appreciate your timely response to this matter.

Best,

Christopher Boffoli
Big Appetites Studio
Seattle, Washington, USA
http://bigappetites.net

## Chy Eaton

| | |
|---|---|
| **From:** | Andy Jansma <anjansma@gmail.com> |
| **Sent:** | Tuesday, February 12, 2019 11:54 AM |
| **To:** | hello@bigappetites.net |
| **Subject:** | Re: Your unauthorized use of my copyrighted images |

Allow me to forward this to my lawyer. I will let you know how I plan on proceeding.

Thank you

On Tue, Feb 12, 2019 at 1:50 PM <hello@bigappetites.net> wrote:
Mr. Jansma,

Thank you for the response and the explanation.  While it is good to know that you're sorry for your unauthorized use of my copyrighted images, and that you pledge not to steal my work again, I'll need you to take responsibility for your actions.

Whether or not you received any compensation, my images have value that you've realized.  You used my work to market your business for years, drawing attention and traffic. Businesses routinely pay four figure sums to license my images so I don't know why you should be able to just take them and use them for free for as long as you like.

Additionally, as I regularly do work for food and retail brands, I have no way of knowing if your false representation of my work being used for Costco has done harm to my brand as this may have dissuaded competing companies from hiring me.  And finally, your infringements have been spread around the internet, propagating to Pinterest and other places off your website. Clearly, for a lot of reasons it is a very bad idea to download images from the internet and use them without permission, license or attribution, something that a creative of any age should understand.

At this point, my legal team is involved, as is Costco corporate.  You've cost me time and legal fees in addition to your unjust enrichment by your use of my intellectual property. So in the interest of avoiding litigation in this matter, I have attached an invoice by which you can take responsibility for what you have done.

This is a settlement offer, not a license to continue using my work.  This is also not a statement of damages. It is simply a means by which you can resolve this situation amicably.

I will appreciate your timely response to this matter.

Best,

Christopher Boffoli
Big Appetites Studio
Seattle, Washington, USA
http://bigappetites.net

## Chy Eaton

| | |
|---|---|
| **From:** | hello@bigappetites.net |
| **Sent:** | Tuesday, February 12, 2019 6:05 PM |
| **To:** | Andy Jansma |
| **Subject:** | Re: Your unauthorized use of my copyrighted images |

Andy,

I think seeking legal counsel on this matter is absolutely a good idea. Maybe your lawyer can help you to understand what a generous settlement offer $3,000 is as an alternative to actual and statutory damages as well as the legal costs that we will petition the court to recover. Make sure you tell your lawyer that you've already admitted to infringing my copyrights in writing. I expect he or she might also be able to look up the other cases I've brought in federal court, including the case with similar merits for which I just won a judgment last week.

Christopher Boffoli
Big Appetites Studio


> On February 12, 2019 at 11:54 AM Andy Jansma <anjansma@gmail.com> wrote:
>
>
> Allow me to forward this to my lawyer. I will let you know how I plan
> on proceeding.
>
> Thank you
>
> On Tue, Feb 12, 2019 at 1:50 PM <hello@bigappetites.net> wrote:
>
> > Mr. Jansma,
> >
> > Thank you for the response and the explanation. While it is good to
> > know that you're sorry for your unauthorized use of my copyrighted
> > images, and that you pledge not to steal my work again, I'll need
> > you to take responsibility for your actions.
> >
> > Whether or not you received any compensation, my images have value
> > that you've realized. You used my work to market your business for
> > years, drawing attention and traffic. Businesses routinely pay four
> > figure sums to license my images so I don't know why you should be
> > able to just take them and use them for free for as long as you like.
> >
> > Additionally, as I regularly do work for food and retail brands, I
> > have no way of knowing if your false representation of my work being
> > used for Costco has done harm to my brand as this may have dissuaded
> > competing companies from hiring me. And finally, your infringements
> > have been spread around the internet, propagating to Pinterest and
> > other places off your website. Clearly, for a lot of reasons it is a
> > very bad idea to download images from the internet and use them
> > without permission, license or attribution, something that a creative of any age should understand.

1

> >
> > At this point, my legal team is involved, as is Costco corporate.
> > You've cost me time and legal fees in addition to your unjust
> > enrichment by your use of my intellectual property. So in the
> > interest of avoiding litigation in this matter, I have attached an
> > invoice by which you can take responsibility for what you have done.
> >
> > This is a settlement offer, not a license to continue using my work.
> > This is also not a statement of damages. It is simply a means by
> > which you can resolve this situation amicably.
> >
> > I will appreciate your timely response to this matter.
> >
> > Best,
> >
> > Christopher Boffoli
> > Big Appetites Studio
> > Seattle, Washington, USA
> > http://bigappetites.net

## Chy Eaton

| | |
|---|---|
| **From:** | Andy Jansma <anjansma@gmail.com> |
| **Sent:** | Tuesday, February 12, 2019 6:28 PM |
| **To:** | hello@bigappetites.net |
| **Subject:** | Re: Your unauthorized use of my copyrighted images |

Ok

On Tue, Feb 12, 2019 at 8:05 PM <hello@bigappetites.net> wrote:

Andy,

I think seeking legal counsel on this matter is absolutely a good idea. Maybe your lawyer can help you to understand what a generous settlement offer $3,000 is as an alternative to actual and statutory damages as well as the legal costs that we will petition the court to recover.  Make sure you tell your lawyer that you've already admitted to infringing my copyrights in writing. I expect he or she might also be able to look up the other cases I've brought in federal court, including the case with similar merits for which I just won a judgment last week.

Christopher Boffoli
Big Appetites Studio

> On February 12, 2019 at 11:54 AM Andy Jansma <anjansma@gmail.com> wrote:
>
>
> Allow me to forward this to my lawyer. I will let you know how I plan on
> proceeding.
>
> Thank you
>
> On Tue, Feb 12, 2019 at 1:50 PM <hello@bigappetites.net> wrote:
>
> > Mr. Jansma,
> >
> > Thank you for the response and the explanation.  While it is good to know
> > that you're sorry for your unauthorized use of my copyrighted images, and
> > that you pledge not to steal my work again, I'll need you to take
> > responsibility for your actions.
> >
> > Whether or not you received any compensation, my images have value that
> > you've realized.  You used my work to market your business for years,
> > drawing attention and traffic. Businesses routinely pay four figure sums to
> > license my images so I don't know why you should be able to just take them
> > and use them for free for as long as you like.
> >
> > Additionally, as I regularly do work for food and retail brands, I have no
> > way of knowing if your false representation of my work being used for
> > Costco has done harm to my brand as this may have dissuaded competing
> > companies from hiring me.  And finally, your infringements have been spread
> > around the internet, propagating to Pinterest and other places off your

1

> > website. Clearly, for a lot of reasons it is a very bad idea to download
> > images from the internet and use them without permission, license or
> > attribution, something that a creative of any age should understand.
> >
> > At this point, my legal team is involved, as is Costco corporate.  You've
> > cost me time and legal fees in addition to your unjust enrichment by your
> > use of my intellectual property. So in the interest of avoiding litigation
> > in this matter, I have attached an invoice by which you can take
> > responsibility for what you have done.
> >
> > This is a settlement offer, not a license to continue using my work.  This
> > is also not a statement of damages. It is simply a means by which you can
> > resolve this situation amicably.
> >
> > I will appreciate your timely response to this matter.
> >
> > Best,
> >
> > Christopher Boffoli
> > Big Appetites Studio
> > Seattle, Washington, USA
> > http://bigappetites.net

## Chy Eaton

**From:** Andy Jansma <anjansma@gmail.com>
**Sent:** Tuesday, February 12, 2019 6:30 PM
**To:** hello@bigappetites.net
**Subject:** Re: Your unauthorized use of my copyrighted images

I'm not just going to give you $3k so just proceed or whatever

On Tue, Feb 12, 2019 at 8:27 PM Andy Jansma <anjansma@gmail.com> wrote:
> Ok

On Tue, Feb 12, 2019 at 8:05 PM <hello@bigappetites.net> wrote:
> Andy,
>
> I think seeking legal counsel on this matter is absolutely a good idea. Maybe your lawyer can help you to understand
> what a generous settlement offer $3,000 is as an alternative to actual and statutory damages as well as the legal costs
> that we will petition the court to recover.  Make sure you tell your lawyer that you've already admitted to infringing
> my copyrights in writing. I expect he or she might also be able to look up the other cases I've brought in federal court,
> including the case with similar merits for which I just won a judgment last week.
>
> Christopher Boffoli
> Big Appetites Studio
>
>
> > On February 12, 2019 at 11:54 AM Andy Jansma <anjansma@gmail.com> wrote:
> >
> >
> > Allow me to forward this to my lawyer. I will let you know how I plan on
> > proceeding.
> >
> > Thank you
> >
> > On Tue, Feb 12, 2019 at 1:50 PM <hello@bigappetites.net> wrote:
> >
> > > Mr. Jansma,
> > >
> > > Thank you for the response and the explanation.  While it is good to know
> > > that you're sorry for your unauthorized use of my copyrighted images, and
> > > that you pledge not to steal my work again, I'll need you to take
> > > responsibility for your actions.
> > >
> > > Whether or not you received any compensation, my images have value that
> > > you've realized.  You used my work to market your business for years,
> > > drawing attention and traffic. Businesses routinely pay four figure sums to
> > > license my images so I don't know why you should be able to just take them
> > > and use them for free for as long as you like.
> > >
> > > Additionally, as I regularly do work for food and retail brands, I have no
> > > way of knowing if your false representation of my work being used for

1

> > Costco has done harm to my brand as this may have dissuaded competing
> > companies from hiring me.  And finally, your infringements have been spread
> > around the internet, propagating to Pinterest and other places off your
> > website. Clearly, for a lot of reasons it is a very bad idea to download
> > images from the internet and use them without permission, license or
> > attribution, something that a creative of any age should understand.
> >
> > At this point, my legal team is involved, as is Costco corporate.  You've
> > cost me time and legal fees in addition to your unjust enrichment by your
> > use of my intellectual property. So in the interest of avoiding litigation
> > in this matter, I have attached an invoice by which you can take
> > responsibility for what you have done.
> >
> > This is a settlement offer, not a license to continue using my work.  This
> > is also not a statement of damages. It is simply a means by which you can
> > resolve this situation amicably.
> >
> > I will appreciate your timely response to this matter.
> >
> > Best,
> >
> > Christopher Boffoli
> > Big Appetites Studio
> > Seattle, Washington, USA
> > http://bigappetites.net

## Chy Eaton

**From:** hello@bigappetites.net
**Sent:** Tuesday, February 12, 2019 6:44 PM
**To:** Andy Jansma
**Subject:** Re: Your unauthorized use of my copyrighted images

Well if you're averse to $3K then it seems counter-intuitive that you'd like me to pursue a judgment against you that will cost you considerably more. But if that's your final word on the matter then I will ask my attorney to put the paperwork into motion tomorrow. I promise you this is not a bluff. We'll see you in court.

Christopher

> On February 12, 2019 at 6:30 PM Andy Jansma <anjansma@gmail.com> wrote:
>
>
> I'm not just going to give you $3k so just proceed or whatever
>
> On Tue, Feb 12, 2019 at 8:27 PM Andy Jansma <anjansma@gmail.com> wrote:
>
> > Ok
> >
> > On Tue, Feb 12, 2019 at 8:05 PM <hello@bigappetites.net> wrote:
> >
> >> Andy,
> >>
> >> I think seeking legal counsel on this matter is absolutely a good idea.
> >> Maybe your lawyer can help you to understand what a generous
> >> settlement offer $3,000 is as an alternative to actual and
> >> statutory damages as well as the legal costs that we will petition
> >> the court to recover. Make sure you tell your lawyer that you've
> >> already admitted to infringing my copyrights in writing. I expect
> >> he or she might also be able to look up the other cases I've
> >> brought in federal court, including the case with similar merits for which I just won a judgment last week.
> >>
> >> Christopher Boffoli
> >> Big Appetites Studio
> >>
> >>
> >> > On February 12, 2019 at 11:54 AM Andy Jansma <anjansma@gmail.com>
> >> wrote:
> >> >
> >> >
> >> > Allow me to forward this to my lawyer. I will let you know how I
> >> > plan on proceeding.
> >> >
> >> > Thank you
> >> >
> >> > On Tue, Feb 12, 2019 at 1:50 PM <hello@bigappetites.net> wrote:
> >> >

1

> >> > > Mr. Jansma,
> >> > >
> >> > > Thank you for the response and the explanation. While it is
> >> > > good to
> >> know
> >> > > that you're sorry for your unauthorized use of my copyrighted
> >> > > images,
> >> and
> >> > > that you pledge not to steal my work again, I'll need you to
> >> > > take responsibility for your actions.
> >> > >
> >> > > Whether or not you received any compensation, my images have
> >> > > value
> >> that
> >> > > you've realized. You used my work to market your business for
> >> > > years, drawing attention and traffic. Businesses routinely pay
> >> > > four figure
> >> sums to
> >> > > license my images so I don't know why you should be able to
> >> > > just take
> >> them
> >> > > and use them for free for as long as you like.
> >> > >
> >> > > Additionally, as I regularly do work for food and retail
> >> > > brands, I
> >> have no
> >> > > way of knowing if your false representation of my work being
> >> > > used for Costco has done harm to my brand as this may have
> >> > > dissuaded competing companies from hiring me. And finally, your
> >> > > infringements have been
> >> spread
> >> > > around the internet, propagating to Pinterest and other places
> >> > > off
> >> your
> >> > > website. Clearly, for a lot of reasons it is a very bad idea to
> >> download
> >> > > images from the internet and use them without permission,
> >> > > license or attribution, something that a creative of any age should understand.
> >> > >
> >> > > At this point, my legal team is involved, as is Costco corporate.
> >> You've
> >> > > cost me time and legal fees in addition to your unjust
> >> > > enrichment by
> >> your
> >> > > use of my intellectual property. So in the interest of avoiding
> >> litigation
> >> > > in this matter, I have attached an invoice by which you can
> >> > > take responsibility for what you have done.
> >> > >
> >> > > This is a settlement offer, not a license to continue using my work.
> >> This
> >> > > is also not a statement of damages. It is simply a means by

2

> >> > > which you
> >> can
> >> > > resolve this situation amicably.
> >> > >
> >> > > I will appreciate your timely response to this matter.
> >> > >
> >> > > Best,
> >> > >
> >> > > Christopher Boffoli
> >> > > Big Appetites Studio
> >> > > Seattle, Washington, USA
> >> > > http://bigappetites.net
> >>
> >

# Chy Eaton

**From:** Andy Jansma <anjansma@gmail.com>
**Sent:** Tuesday, February 12, 2019 7:04 PM
**To:** hello@bigappetites.net
**Subject:** Re: Your unauthorized use of my copyrighted images

My lawyer is advising me to proceed

On Tue, Feb 12, 2019 at 8:44 PM <hello@bigappetites.net> wrote:
> Well if you're averse to $3K then it seems counter-intuitive that you'd like me to pursue a judgment against you that
> will cost you considerably more. But if that's your final word on the matter then I will ask my attorney to put the
> paperwork into motion tomorrow. I promise you this is not a bluff. We'll see you in court.
>
>
> Christopher
>
>
> > On February 12, 2019 at 6:30 PM Andy Jansma <anjansma@gmail.com> wrote:
> >
> >
> > I'm not just going to give you $3k so just proceed or whatever
> >
> > On Tue, Feb 12, 2019 at 8:27 PM Andy Jansma <anjansma@gmail.com> wrote:
> >
> > > Ok
> > >
> > > On Tue, Feb 12, 2019 at 8:05 PM <hello@bigappetites.net> wrote:
> > >
> > >> Andy,
> > >>
> > >> I think seeking legal counsel on this matter is absolutely a good idea.
> > >> Maybe your lawyer can help you to understand what a generous settlement
> > >> offer $3,000 is as an alternative to actual and statutory damages as well
> > >> as the legal costs that we will petition the court to recover. Make sure
> > >> you tell your lawyer that you've already admitted to infringing my
> > >> copyrights in writing. I expect he or she might also be able to look up the
> > >> other cases I've brought in federal court, including the case with similar
> > >> merits for which I just won a judgment last week.
> > >>
> > >> Christopher Boffoli
> > >> Big Appetites Studio
> > >>
> > >>
> > >> > On February 12, 2019 at 11:54 AM Andy Jansma <anjansma@gmail.com>
> > >> wrote:
> > >> >
> > >> >
> > >> > Allow me to forward this to my lawyer. I will let you know how I plan on
> > >> > proceeding.
> > >> >
> > >> > Thank you

> >> >
> >> > On Tue, Feb 12, 2019 at 1:50 PM <hello@bigappetites.net> wrote:
> >> >
> >> > > Mr. Jansma,
> >> > >
> >> > > Thank you for the response and the explanation. While it is good to
> >> know
> >> > > that you're sorry for your unauthorized use of my copyrighted images,
> >> and
> >> > > that you pledge not to steal my work again, I'll need you to take
> >> > > responsibility for your actions.
> >> > >
> >> > > Whether or not you received any compensation, my images have value
> >> that
> >> > > you've realized. You used my work to market your business for years,
> >> > > drawing attention and traffic. Businesses routinely pay four figure
> >> sums to
> >> > > license my images so I don't know why you should be able to just take
> >> them
> >> > > and use them for free for as long as you like.
> >> > >
> >> > > Additionally, as I regularly do work for food and retail brands, I
> >> have no
> >> > > way of knowing if your false representation of my work being used for
> >> > > Costco has done harm to my brand as this may have dissuaded competing
> >> > > companies from hiring me. And finally, your infringements have been
> >> spread
> >> > > around the internet, propagating to Pinterest and other places off
> >> your
> >> > > website. Clearly, for a lot of reasons it is a very bad idea to
> >> download
> >> > > images from the internet and use them without permission, license or
> >> > > attribution, something that a creative of any age should understand.
> >> > >
> >> > > At this point, my legal team is involved, as is Costco corporate.
> >> You've
> >> > > cost me time and legal fees in addition to your unjust enrichment by
> >> your
> >> > > use of my intellectual property. So in the interest of avoiding
> >> litigation
> >> > > in this matter, I have attached an invoice by which you can take
> >> > > responsibility for what you have done.
> >> > >
> >> > > This is a settlement offer, not a license to continue using my work. This
> >> > > is also not a statement of damages. It is simply a means by which you
> >> can
> >> > > resolve this situation amicably.
> >> > >
> >> > > I will appreciate your timely response to this matter.
> >> > >
> >> > > Best,

2

> >> > >
> >> > > Christopher Boffoli
> >> > > Big Appetites Studio
> >> > > Seattle, Washington, USA
> >> > > http://bigappetites.net
> >>
> >

Exhibit C



**Keith Scully**
Direct +206.274.2826
Main +206.274.2800
keith@newmanlaw.com

2101 Fourth Avenue, Suite 1500
Seattle, WA 98121

**SENT BY EMAIL AND US MAIL**

May 8, 2019

Andrew Jansma
7740 Oak Avenue
Gary, IN 46403-1363
Email: anjansma@gmail.com

**Re:    Settlement Offer for Infringement of Christopher Boffoli's Copyright-Protected Works**

Dear Mr. Jansma:

I represent artist Christopher Boffoli and write to inform you of serious copyright violations that occurred when you used Mr. Boffoli's images as part of a purported Costco advertisement you placed on your website and other locations. In correspondence with Mr. Boffoli, you indicated that you had an attorney but did not identify that person. If you are represented, please forward this communication to your lawyer and ask that person to promptly contact me.

Mr. Boffoli's photographs are federally-registered and copyright-protected and Talk Markets cannot use them without permission. Unless you agree to pay Mr. Boffoli's license fee for use of his images, we will seek redress in federal court. Under federal law, you can be liable for statutory damages up to $150,000 plus attorney's fees. But, because this matter is pre-filing, we will settle this dispute for $5,000. Mr. Boffoli is willing to consider reasonable payment plans if you are unable to pay the full amount in one payment.

**A.    You have admitted liability and it is undisputed that you displayed copies of Boffoli's copyrighted photographs without authorization.**

Boffoli is a fine art, editorial, and commercial photographer who created "Big Appetites", a series of photographs featuring tiny figures photographed against real food backdrops. Big Appetites has been published in more than 100 countries around the world, with coverage in publications such as the New York Times, Washington Post, NPR, and CBS This Morning, among many others. Fine art photographs from the collection can be found in galleries and private collections in the US, Canada, Europe and Asia. Boffoli is frequently hired by magazines for editorial commissions and by large brands for commercial work based on the Big Appetites series. Boffoli's images are also licensed for publication for books, magazines, websites, and greeting cards.

*Andrew Jansma*
*May 8, 2019*
*Page 2 of 4*

Boffoli's business is based on licensing and selling photographs he creates. Big Appetites photographs are currently available for purchase at fine art galleries, and can also be purchased over the Internet, including through Boffoli's website. Boffoli has licensed use of Big Appetites photographs to greeting card companies, calendars, and others. Boffoli registers his images with the U.S. Copyright Office. Since the majority of his artistic income is generated by licensing, Boffoli polices distribution and reproduction of his copyrighted works.

In or around February 2019, Boffoli discovered that you were displaying copies of his copyrighted works on your website as part of a purported Costco advertising campaign. I've attached screenshots showing the infringement as Attachment A to this letter. Mr. Boffoli sent you a letter informing you of the infringement and offering to settle the dispute for $2,500. You admitted liability but refused to settle the dispute or pay the requested settlement amount. I've attached copies of your correspondence as Attachment B. That settlement offer has now expired.

**B.    Under the Copyright Act, Boffoli may recover statutory damages up to $150,000, plus attorney's fees.**

Since you indisputably committed copyright infringement by displaying Boffoli's work without authorization, the only question is the amount of damages Boffoli may recover. The Copyright Act provides that "an infringer of copyright is liable for either . . . the copyright owner's actual damages and any additional profits of the infringer . . . or . . . statutory damages." 17 U.S.C. § 504(a). The statute further provides that the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages. 17 U.S.C. § 504(c)(1).

Boffoli will likely elect statutory damages in lieu of actual damages. Unlike actual damages, statutory damages include a deterrence component, which justifies a higher award. *See Nintendo of America v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994). In fact, Congress intended the statutory damages to be "substantially" higher than actual damages:

> Courts . . . must be able to render awards that deter others from infringing intellectual property rights. It is important that the cost of infringement substantially exceed the costs of compliance, so that persons who use or distribute intellectual property have a strong incentive to abide by the copyright laws.

H.R. Rep. No. 106–216, at 6 (1999). And statutory damages may be elected regardless of the adequacy of evidence offered as to actual damages. *Columbia Pictures Television v. Krypton Brodcasting of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001). In fact, the Supreme Court has stated that "even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory

*Andrew Jansma*
*May 8, 2019*
*Page 3 of 4*

policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952).

For each copyrighted work, the Copyright Act establishes a statutory award range of $750 to $30,000 per non-willful infringement, and a range of $750 to $150,000 per willful infringement. (17 U.S.C. § 504(c)(1) & (2). The court's analysis should be guided by "what is just in the particular case, considering the nature of the copyright, [and] the circumstances of the infringement". *F.W. Woolworth*, 344 U.S. at 232 (citations omitted).

Here, the circumstances of the infringement substantiate a higher statutory-damage award. As a marketing professional, you have a basic understanding of copyright law. Yet, you displayed copies of Boffoli's copyrighted photographs without permission. Boffoli does not allow his photographs to be freely distributed. Rather, he licenses use of his photographs, generally for a fee of $5,000 for the type of use you infringed.

And your infringement had a broader impact on Boffoli's ability to generate profit. Boffoli likely lost additional revenue from customers who might have licensed the image but did not do so because Boffoli could not guarantee exclusivity. Given the foregoing, a statutory damage award above the statutory minimum is appropriate.

In addition to statutory damages, Boffoli may recover his attorney's fees. 17 U.S.C. § 505. A fee award is standard in copyright cases and does not require exceptional circumstances or any similar finding. *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996).

**C.      Boffoli agrees to settle his claims against you for $5,000.**

Given the framework outlined above, Boffoli offers to settle this matter for $5,000. This amount is well below the statutory maximum, even for non-willful infringement. The amount is only slightly higher than the statutory minimum. The amount is close to Boffoli's actual damages. And should the litigation continue, Boffoli (and you) will incur attorney's fees. Because Boffoli is based in Seattle and the harm is predominantly felt here, any lawsuit will be filed in the Western District of Washington. Since there is no question as to liability, Boffoli will likely recover his fees, in addition to a statutory damage award well above $5,000.

Please note that this is an early-litigation offer. It's not to negotiate, but rather my client's best offer at this time. This offer will remain open until May 20, 2019, at which time the offer will expire. Any subsequent offer will be higher.

Please confirm via email or other written response that you will accept this offer, and we'll prepare a settlement agreement and provide wire transfer instructions.

*Andrew Jansma*
*May 8, 2019*
*Page 4 of 4*


Very truly yours,

NEWMAN DU WORS LLP

Keith Scully

Atts.

# Exhibit D



Intellectual Property | Entertainment | Social Media | Business

**Saper Law Offices, LLC**
505 N. LaSalle Suite 350
Chicago, Illinois 60654
Tel: 312.527.4100
Fax: 312.527.5020

ds@saperlaw.com

www.saperlaw.com

August 9, 2019

*VIA E-MAIL*

Andrew Jansma
7740 Oak Avenue
Gary, IN 46403-1363
Email: anjansma@gmail.com

   Re:  <u>**FINAL DEMAND**</u>

Dear Mr. Jansma:

We have been retained by Christopher Boffoli to initiate copyright litigation against you in the Northern District of Illinois.

You have refused to pay any licensing fees for your admitted unauthorized use of Mr. Boffoli's copyrighted work. This letter serves as Mr. Boffoli's final pre-suit attempt to resolve this matter.

Accordingly, please confirm via email or other written response that you will pay a settlement fee of $7,000.00 to Mr. Boffoli by August 26, 2019. This amount is $2,000 more than the previous offer extended to you by Mr. Boffoli's West Coast counsel, Newman Duwors, on May 8, 2019. The increased amount reflects, in part, the additional legal fees Mr. Boffoli has had to incur to date to enforce his rights.

If we do not receive your acceptance of this offer by Friday, August 16, the attached Complaint will be filed and Mr. Boffoli will seek the maximum statutory damages, attorneys fees, and costs he is entitled to under the Copyright Act.

Sincerely,

/s/Daliah Saper
Daliah Saper